# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE L. RIECO, | 2: 17-cv-0553 |
| Plaintiff, | ELECTRONICALLY FILED |
| v. | |
| ROBERT GILMORE, Facility Manager, et al., | |
| Defendants. | |

**MEMORANDUM ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [ECF NO. 53]**

This prisoner civil rights case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The case was initiated by Plaintiff, Dwayne L. Rieco, on April 24, 2017, by the filing of a complaint in which he alleges that on December 27, 2016, he was served contaminated food which placed him "in imminent danger and serious risk of injury with diseases . . . ." [ECF No. 19, at 4]. Specifically, he alleges that urine was placed in his oven browned potatoes. Rieco also brings a claim for failure to protect from food contamination and "possible future health problems." *Id.* The complaint was not accompanied by the filing fee or a motion for leave to proceed *in forma pauperis*; accordingly, the case was administratively closed on May 3, 2017. [ECF No. 2]. On May 16, 2017, Rieco filed a Motion for Leave to Proceed *in forma pauperis*. [ECF No. 4]. On June 6, 2017, Rieco filed a "motion based on imminent danger of contamination of food causing MRSA infection by urination in Plaintiff's food by defendants."

1

[ECF No. 5]. Contemporaneously, Rieco filed three unsworn Declarations in support of his motion alleging imminent danger. [ECF No. 6, ECF No. 7, and ECF No. 8]. On that same day, June 6, 2017, the magistrate judge denied Rieco's motion for leave to proceed *in forma pauperis* as deficient, as the motion was not accompanied by the proper financial documentation as required by the PLRA. [ECF No. 9].

On June 16, 2017, Rieco submitted a fourth unsworn declaration in which he stated that he had a MRSA infection from December 27, 2016, until May 4, 2017, as a result of his food contamination. [ECF No. 10]. Approximately a week later, Rieco submitted his fifth unsworn declaration in which he alleged that urine had been placed in his peanut butter on June 5, 2017, which caused severe itching on his arms, legs, stomach, and back. [ECF No. 12].

On July 13, 2017, Plaintiff resubmitted his motion for leave to proceed *in forma pauperis* and attached the requisite financial documentation. [ECF No. 16]. Because Rieco has at least "three strikes" under 28 U.S.C. § 1915(g), he can proceed IFP only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc). Based on the limited record before the magistrate judge at that time, the magistrate judge granted Rieco's motion for leave to proceed *in forma pauperis*. [ECF No. 20]. Defendants thereafter were served with process. [ECF No. 27].

On October 10, 2017, Defendants filed a motion to revoke IFP status, in which they argue that Plaintiff's claims of food contamination in December of 2016, do not meet the standard for "imminent danger at the time the complaint was filed." [ECF No. 31]. Plaintiff responded in opposition [ECF No. 41, ECF No. 42, and ECF No. 44], Defendants' filed a Reply, attaching

2

*inter alia* medical records [ECF No. 47], and Plaintiff filed a Sur-reply with his own exhibits. [ECF No. 50, ECF No. 51, and ECF No. 52].

On December 29, 2017, the magistrate judge issued a Report and Recommendation [ECF No. 53] recommending that Defendants' motion to revoke Rieco's IFP status be granted because Rieco had not made specific credible allegations of imminent danger of serious physical injury at the time the complaint was filed. Specifically, the magistrate judge found that the alleged food contamination and alleged resultant itch and rash occurred approximately four months <u>before</u> the complaint was filed and that Plaintiff's medical records refuted Plaintiff's claim that he was suffering from MRSA. Rather, the records reflect that Plaintiff was seen in the medical clinic numerous times, pre-dating and post-dating the complaint, for skin abrasions and ulcers related to venous stasis for which he received medical treatment on numerous occasions. Plaintiff filed objections [ECF No. 56], which are now under consideration by this Court.

In his Objections, which span sixteen (16) handwritten pages, Rieco spends considerable time arguing the merits of his claims and why fully exhausting his administrative remedies prevented him from filing his complaint before April of 2017. Unfortunately, these arguments do not address the issue of whether Rieco was in "imminent danger of serious physical danger" at the time his complaint was filed.[1] Rieco also argues that "Congress has not stated the imminent danger must be shown at the time the complaint was filed . . . ." Obj.. at 7. As the report and recommendation explained, the United States Court of Appeals for the Third Circuit has specifically stated that "a prisoner may invoke the 'imminent danger' exception only to seek

---

[1] The parties do not dispute that Rieco qualifies financially to proceed IFP. Nor do the parties dispute that Rieco has "three strikes" under 28 U.S.C. § 1915(g).

relief from a danger which is 'imminent' <u>at the time the complaint is filed</u>." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (emphasis added); *see also Parker v. Montgomery County Correctional Facility/Business Office Manager,* 870 F.3d 144, 154, n. 12 (3d Cir. 2017) (quoting *Abdul-Akbar*, 239 F.3d at 312).

The Court has reviewed the matter and concludes that the Report and Recommendation correctly analyzes the issue and makes a sound recommendation. Accordingly, after *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation, the following order is entered:

**IT IS HEREBY ORDERED** that Defendants' motion to revoke Plaintiff's IFP status is **GRANTED** and this action is dismissed without prejudice to Plaintiff's right to reopen it by paying the full $400.00 filing fee. The Report and Recommendation of the magistrate judge, dated December 29, 2017, hereby is adopted as the Opinion of the District Court.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

                **SO ORDERED** this 5th day of February, 2018.

                s/ Arthur J. Schwab
                Arthur J. Schwab
                United States District Judge

cc:  DWAYNE L. RIECO
   HU-2494
   SCI Greene
   175 Progress Drive
   Waynesburg, PA 15370
   (via U.S. First Class Mail)

   Mary Lynch Friedline
   Office of Attorney General
   (via ECF electronic notification)